IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MARTHA J. MENARD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Civil No. 14-cv-961-JPG-CJP |
| ) | |
| COMMISSIONER OF SOCIAL SECURITY, ) | |
| ) | |
| Defendant. ) | |

## **MEMORANDUM and ORDER**

In accordance with 42 U.S.C. § 405(g), plaintiff Martha J. Menard seeks judicial review of the final decision of the Commissioner of Social Security finding her at fault in causing overpayment of benefits and denying waiver of repayment.

## **Procedural History**

Ms. Menard began receiving retirement/survivor's benefits (formerly called widow's benefits) in 1995 or 1996. In May, 2011, the Social Security Administration notified her that she had been overpaid in the amount of $142,749.80. After her requests for reconsideration and for waiver of overpayment were denied, she requested a hearing. (Tr. 10). ALJ William L. Hafer found that she had been overpaid, that she was at fault in causing the overpayment and that she was liable for repayment in a written decision dated November 23, 2012. (Tr. 10-13). The Appeals Council denied review, and the decision of the ALJ became the final agency decision. (Tr. 3). Administrative remedies have been exhausted and a timely complaint was filed in this Court.

## Issues Raised by Plaintiff

Plaintiff raises the following issues:

1. The ALJ erred by failing to address whether the agency had the authority to reopen her claim for benefits after 15 years.

2. The ALJ's findings that plaintiff had been overpaid and the amount of the overpayment were not supported by substantial evidence.

3. The agency violated plaintiff's due process rights because the original claim file has been destroyed, making it impossible to her to prove that she was without fault in causing the overpayment, and by failing to afford her a full and fair hearing.

## Applicable Legal Standards

This Court has jurisdiction to review "any final decision of the Commissioner of Social Security made after a hearing." 42 U.S.C. 405(g). See, *Boley v. Colvin,* 761 F. 3d 803 (7th Cir. 2014). A hearing was held, and the ALJ's written decision was designated by the Appeals Council as "the final decision of the Commissioner of Social Security in your case." (Tr. 6). Thus, this Court has jurisdiction to review the decision of November 23, 2012.

Congress has directed the agency to seek adjustment (repayment) of funds when it has mistakenly overpaid benefits. 42 U.S.C. § 404(a); *Heins v. Shalala*, 22 F.3d 157, 159 (7th Cir.1994). However, the agency's authority to obtain repayment is limited by §404(b):

> In any case in which more than the correct amount of payment has been made, there shall be no adjustment of payments to, or recovery by the United States from, any person who is without fault if such adjustment or recovery would defeat the purpose of this subchapter or would be against equity and good conscience. In making for purposes of this subsection any determination of whether any individual is without fault, the Commissioner of Social Security shall specifically take into account any physical, mental, educational, or linguistic limitation such individual may have (including any lack of facility with the English language).

Thus, the agency may not recover an overpayment from the recipient where: (1) the recipient was not at fault in causing the overpayment, *and* (2) recovery would either defeat the

2

purposes of Title II of the Social Security Act or otherwise be against equity and good conscience. 20 C.F.R. § 404.506. However, if the recipient was at fault in causing the overpayment, the ALJ's inquiry is at an end. *Heins*, 22 F.3d at 163 n. 2.

If the recipient was not at fault, the ALJ must consider the second element, i.e., whether recovery of the overpayment would defeat the purposes of the Social Security Act or be against equity and good conscience. Recovery defeats the purposes of the Act when it "deprives a person of income required for ordinary and necessary living expenses," depending on the income and financial resources of the recipient. 20 C.F.R. § 404.508; *Banuelos v. Apfel*, 165 F.3d 1166, 1169 (7th Cir. 1999), overruled on other grounds in *Johnson v. Apfel*, 189 F.3d 561 (7th Cir. 1999). Recovery may be against equity and good conscience when the recipient has changed position to her detriment based on the receipt of the overpaid funds. *Banuelos*, 165 F.3d at 1171.

This Court reviews the Commissioner's decision to ensure that the decision is supported by substantial evidence and that no mistakes of law were made. It is important to recognize that the scope of review is limited. "The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive. . . ." 42 U.S.C. § 405(g). This Court uses the Supreme Court's definition of substantial evidence, i.e., "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 91 S. Ct. 1420, 1427 (1971).

In reviewing for "substantial evidence," the entire administrative record is taken into consideration, but this Court does <u>not</u> reweigh evidence, resolve conflicts, decide questions of credibility, or substitute its own judgment for that of the ALJ. *Brewer v. Chater*, 103 F.3d 1384, 1390 (7th Cir. 1997). However, while judicial review is deferential, it is not abject; this Court

does not act as a rubber stamp for the Commissioner.  See, *Parker v. Astrue*, 597 F.3d 920, 921 (7th Cir. 2010), and cases cited therein.

## The Decision of the ALJ

ALJ Hafer found that Ms. Menard had been overpaid benefits in the amount of $142,749.80.  In support of this finding, he cited to Ex. 12, the Non-Disability Appeal Report prepared by an agency employee. (Tr. 12).  He noted that plaintiff's attorney "described the issues of reopening, fraud, and similar fault." He then stated that "there was no issue of reopening in this case. . . ."  (Tr. 12).

The ALJ concluded that plaintiff had not carried her burden of establishing that she was without fault in causing the overpayment.   He did not address the fact that the agency had destroyed or lost her original claim file, but did note that she "stated that she is unable to find the necessary documents regarding her application."  (Tr. 12).  He based his conclusion that she was at fault on the fact that she had not notified the agency when she began receiving her Texas pension.  He stated that she had "previously been advised and acknowledged her duty to notify the Administration."  He cited to Exhibit 22, the "remarks screen," for that assertion.  (Tr. 13).

## The Administrative Record

   1. **Agency Documents**

The agency's file relating to Ms. Menard's original application for survivor's retirement benefits had been lost or destroyed prior to the administrative proceedings regarding the alleged overpayment.  *See*, Tr. 126, 154-155.  Thus, Ms. Menard's original application for benefits was not available to the ALJ.

In May, 2011, the Social Security Administration sent plaintiff a letter informing her that she had been overpaid in the amount of $145,337.30.   Although it is not entirely clear, the

agency apparently discovered the overpayment when Ms. Menard filed another application in 2011 for benefits based on the earnings of her second husband. *See*, Tr. 149. In any event, the letter explained that, if a person who receives survivor's benefits also receives a "government pension based on [her] own work," her survivor's benefit is reduced by two-thirds of the amount of the pension. The agency concluded that Ms. Menard should not have been paid any survivor's benefit payments from October, 1997, through October, 2010, because of her receipt of pension benefits.[1] The letter said that the total amount due also included "a prior overpayment of $4,314.00." There is no explanation of what this amount represents. (Tr. 14-17).

Ms. Menard filed a request for waiver of overpayment, which was denied in October, 2011. (Tr. 30-31). In December, 2011, she requested a hearing before an ALJ. She was not represented by counsel at that time. She wrote on the form that she requested a hearing because "I do not believe I was overpaid. If I was, then I was not at fault and repaying the money would be a financial hardship." (Tr. 35).

The Notice of Hearing states that the "general issue is whether you were overpaid retirements benefits within the meaning of section 203 of the Social Security Act. The specific issues are whether you accurately reported self-employment earnings . . . . and if so, whether deductions were improperly charged to your retirement benefits based on excess earnings." (Tr. 74).

An attorney entered his appearance for plaintiff in February, 2012. (Tr. 47).

---

[1] The agency determined that plaintiff was not entitled to any future retirement benefits because her social security benefits were totally offset by the Texas pension benefits. Plaintiff does not dispute the determination as to future benefits.

5

In August, 2012, plaintiff's attorney wrote to the agency noting that the exhibits he had received were not the entire file and requesting copies of the original application for benefits and a "remarks" statement referred to in Exhibit 12. (Tr. 82).

Exhibit 12 is a "Non-Disability Appeal Report" prepared by an agency employee. The employee wrote that "Martha Menard filed for benefits in 04/96 and told us infromation [sic] regaring [sic] a small non covered pension, and signed application with remarks statements that she agreeded [sic] to notify SSA when she started getting the larger non covered pension from State of Texas. She was aware benefits could be a total offset at that time, verification in paper file." (Tr. 44-45).

Exhibit 22 is described in the List of Exhibits as "SSA Field Office Remarks Screen Shots explaining claimant did tell them about the two pensions – undated." (Tr. 1). The Exhibit is located Tr. 85-92. Pages 85 and 86 are evidently notes made by a Field Office employee. The notes purport to quote or paraphrase something that plaintiff said or, perhaps, something that was written on her application: "I understand I have to notify Social Security as soon as I am notified by the Texas Teacher's Retirement System of what my monthly gross pension with then will be so my Social Security benefits can be offset accordingly." (Tr. 86).

On October 25, 2012, after the evidentiary hearing, plaintiff's counsel submitted a letter brief to the ALJ. Among other points, counsel stated that "Your office has notified us, after my correspondence of August 21, 2002 (Exhibit 20), that the original claim file for the 1996 application has been lost or destroyed." (Tr. 126). Counsel also noted that the standard for "fault" is different depending on whether the issue is waiver of repayment or the reopening of a prior determination. He closed the letter with this paragraph:

6

> Since we primarily dealt with procedural matters on the originally scheduled hearing date, I believe a supplemental hearing would be appropriate should you not agree that this matter is not subject to reopening. (Tr. 126-127).

**2.      Evidentiary Hearing**

ALJ Hafer held a hearing on September 6, 2012. Ms. Menard was represented by counsel and her adult daughter was also present. (Tr. 145).

The ALJ stated that "The issue is – or the question that goes a long way to resolving this case is: At the time in 1996 when this application was filed, was any reference made to the fact that Ms. Menard would start receiving a pension payment form the state of Texas, again a pension based on non-covered earnings?" (Tr. 146). He also noted that Ms. Menard had filed a request for reconsideration and a request for waiver of repayment. (Tr. 147).

Plaintiff's counsel objected to Exhibit 22 ("remarks screen") because there was no indication of who prepared the statement and "where they purportedly got the information from." He also pointed out that the document refers to "OBC file issued from Little Rock," but there was no indication of "what that is." The ALJ overruled the objection. (Tr. 153-154).

No testimony was taken at the hearing. Plaintiff's counsel made an offer of proof that Ms. Menard was then 81 years old and was in the early stages of Alzheimer's disease. Her daughter was taking care of her day-to-day needs, and it was anticipated that she would soon have to move into an assisted living facility. The attorney said that it was his understanding that Ms. Menard "basically has no recollection whatsoever of anything as far back as 1996." (Tr. 157-158).

The ALJ granted plaintiff's counsel leave to submit additional documents regarding plaintiff's living expenses. The ALJ stated that he would confirm that the "correct account

7

number was used in conducting the searches for these prior files."  At the end of the hearing, the ALJ indicated that, if counsel requested a supplemental hearing, the ALJ "will not deny that." (Tr. 166-168).

## Analysis

Plaintiff's first point concerns the ALJ's failure to address whether the agency had the authority to reopen her claim after 15 years.  The ALJ's only reference in the written decision to reopening was the enigmatic remark that "there was no issue of reopening in this case. . . ."  (Tr. 12).

Whether or not the agency's action constituted a reopening of the prior claim is significant because, pursuant to 20 C.F.R. §404.988, once four years have passed since the initial determination, the determination can be reopened (as is relevant here) if the initial determination was "obtained by fraud or similar fault."  §404.988(c)(1).  In this context, fraud involves an intent to defraud; "similar fault" involves knowingly making an incorrect or incomplete statement or knowingly concealing material information, but the intent to wrongfully obtain benefits is not required.  SSR 85-20.  On the other hand, the standard for finding fault so as to preclude waiver of repayment is lower.  In the waiver situation, "fault" is defined more broadly; the claimant is "not without fault" for overpayment if the overpayment resulted from "(a) An incorrect statement made by the individual which he knew or should have known to be incorrect; or (b) Failure to furnish information which he knew or should have known to be material;. . . . " 20 C.F.R. § 404.507.  In effect, plaintiff argues that the ALJ was required to determine whether she met the higher intent standard for reopening her claim.  For her part, the Commissioner argues that the determination of overpayment was not a reopening, but an initial determination in its own right.

It does not appear that the Seventh Circuit Court of Appeals has spoken to this precise issue. The Seventh Circuit considered the agency's ability to require repayment of overpaid benefits in *Heins v. Shalala*, 22 F.3d 157, 159 (7th Cir.1994), and *Banuelos v. Apfel*, 165 F.3d 1166, 1169 (7th Cir. 1999), overruled on other grounds in *Johnson v. Apfel*, 189 F.3d 561 (7th Cir. 1999). In *Heins*, the determination of overpayment was treated as a reopening of the prior claim, and the Court found that the higher standard of fault for a reopening had been met. *Heins*, 22 F.3d at 161-162. In *Banuelos*, however, the issue of whether the plaintiff was at fault was considered under the lower standard applicable to whether repayment should be waived, and there was no discussion of the standard for reopening a prior claim. *Banuelos*, 165 F.3d at 1169-1170. In neither case did the Seventh Circuit actually hold that the agency's action in seeking repayment of overpaid benefits constituted a reopening. The lack of discussion of the standard for reopening a claim in *Banuelos* may have resulted from the parties' failure to raise the issue.

The Commissioner argues that plaintiff did not exhaust administrative remedies as to the issue of overpayment, meaning that she cannot contest the issue of the propriety of reopening the claim, because she only requested a waiver of repayment. Doc. 22, p. 4-5. This Court disagrees. In her *pro se* request for hearing, Ms. Menard stated "I do not believe I was overpaid. If I was, then I was not at fault and repaying the money would be a financial hardship." (Tr. 35). The Notice of Hearing states that the "general issue is *whether you were overpaid retirements benefits* within the meaning of section 203 of the Social Security Act. The specific issues are whether you accurately reported self-employment earnings . . . . and if so, whether deductions were improperly charged to your retirement benefits based on excess earnings." (Tr. 74)(emphasis added.) Lastly, the ALJ acknowledge at the hearing that Ms. Menard had filed a request for reconsideration and a request for waiver of repayment. (Tr. 147). The original

9

notice of overpayment instructed that, if Ms. Menard wished to appeal, she should request reconsideration. (Tr. 15).

The Commissioner also argues that a determination of overpayment is not a reopening based on direction contained in POMS, the agency's procedural manual. Doc. 22, p. 5. However, the Supreme Court has held that the agency's claims manual "has no legal force" because it not a regulation. *Schweiker v. Hansen*, 101 S. Ct. 1468, 1471 (1981). See also, *Parker for Lamon v. Sullivan*, 891 F.2d 185, 190 (7th Cir. 1989)("The POMS manual has no legal force. . . .").

20 C.F.R. §404.902 sets forth a nonexhaustive list of actions that qualify as "initial determinations." Included among them are determinations about "underpayment or overpayment" and whether an overpayment must be repaid. §404.902(j) & (k). However, it is difficult to understand how a determination of overpayment could be made without also reopening the prior claim. Plaintiff cites *Doyle v. Barnhart*, 2005 WL 713343 (E.D. Pa. Mar. 28, 2005) as instructive. The District Court stated in that case:

> A complete review of 20 C.F.R. 404.902 reveals that an "initial determination" simply means that the determination is "subject to administrative and judicial review." Therefore, both the original computation of benefits and the recomputation of benefits would logically be considered initial determinations because they are subject to such review. At the same time, under 20 C.F.R. 404.987-989, the recomputation may also be considered a "reopening" because the case must be reopened and reassessed for any recomputation to occur. If this were not true, 20 C.F.R. 404.987-989 would be rendered virtually meaningless. Specifically, 20 C.F.R. 404.988(b) clearly states that a determination may be reopened within four years only upon the finding of good cause, as defined in § 404.989. Good cause for reopening a determination includes a "clerical error in the computation or recomputation of benefits was made."420 C.F.R. 404.989(2). These provisions would have no meaning if a recomputation was not considered a "reopening."

*Doyle*, 2005 WL 713343, at *5.

10

*Doyle* is, of course, not authoritative precedent, but its logic is compelling. A determination of overpayment is an "initial determination" in that it is subject to administrative and judicial review, but it is difficult to see how it is not also a reopening of the prior claim. In the circumstances of this case, however, it is ultimately unnecessary for this Court to decide the issue because the ALJ's decision is not supported by substantial evidence regardless of which standard of fault applies.

The ALJ found that Ms. Menard was "not without fault" because she "had been previously advised and acknowledged her duty to notify the Administration." Tr. 13. He cited to Exhibit 22, the "remarks screen" as support for this finding.

As plaintiff argues, there is no indication of who authored the "remarks screen," when it was created, whether it was created in the ordinary course of business, or why it was kept separate from the rest of the file, which has been lost or destroyed. Therefore, the Court finds that Exhibit 22, the only evidence cited by the ALJ for his fault determination, does not provide substantial support for the ALJ's decision.

The Commissioner argues that plaintiff bore the burden of proving that she was entitled to waiver of overpayment because she was without fault in causing the overpayment. Doc. 22, p. 8-9. That is the general rule. See, *Banuelos*, 165 F.3d at 1170. That does not mean, however, that the ALJ's decision is supported by substantial evidence.

There was, in fact, *no* evidence before the ALJ that plaintiff was advised and acknowledged that she had to notify the agency when she began receiving payments from her Texas pension. The "remarks screen" does not constitute such evidence. Where the primary piece of evidence relied upon by the ALJ does not support the proposition for which it is cited, the ALJ has failed to build the requisite "logical bridge" from the evidence to his conclusion.

*Scott v. Astrue*, 647 F.3d 734, 740 (7th Cir. 2011), citing *Terry v. Astrue*, 580 F.3d 471, 475 (7th Cir.2009).

The Commissioner has made no effort to explain what happened to the original claim file or to explain how the "remarks screen" was created. It is fundamentally unfair to expect Ms. Menard to come up with evidence to counter the unsupported remarks of an anonymous agency employee in these circumstances.

The Commissioner also defends the ALJ's decision on the basis that plaintiff should have known that she was obliged to inform the agency when she began receiving payments from the Texas pension. Doc. 22, pp. 8-9. This argument runs afoul of the *Chenery* doctrine. See, *Securities and Exchange Commission v. Chenery Corporation*, 63 S.Ct. 454 (1943). The ALJ did not find Ms. Menard at fault because she should have known that she had to notify the agency; he found her at fault because he determined that she had actual knowledge of her duty. The Commissioner cannot now defend the decision on a basis not embraced by the ALJ. It is "improper for an agency's lawyer to defend its decision on a ground that the agency had not relied on in its decision...." *McClesky v. Astrue*, 606 F.3d 351, 354 (7th Cir. 2010). See also, *Hughes v. Astrue*, 705 F.3d 276, 279 (7th Cir. 2013) ("Characteristically, and sanctionably, the government's brief violates the *Chenery* doctrine…..").

In her request for waiver of overpayment, Ms. Menard stated that "Years ago when I applied for SSA survivor benefits, I am sure I told the interviewer that I had two pensions. Those pensions represent my working life and I would not have forgotten them." (Tr. 20). The ALJ accepted that she did, in fact, inform the agency that she expected to receive pension payments from two separate pensions based on her work as a teacher. (Tr. 12). There was no actual evidence in the record before the ALJ that Ms. Menard was informed that she had a duty

to inform the agency when she began receiving benefits from the Texas pension. It is entirely plausible that, having informed the agency of the existence of the Texas pension, Ms. Menard thought she had fulfilled her obligation and that the agency would contact her if more information were needed.

The Court also finds that the ALJ erred in not granting her request for a supplemental hearing after indicating that he would grant such a request. The Commissioner argues that another hearing would be futile, but that is incorrect. It may be that Ms. Menard has evidence to submit on the issue of fault. And, again, the Commissioner is defending the decision on a basis not relied upon by the ALJ. The ALJ did not refuse plaintiff's request for another hearing because another hearing would have been futile. Rather, he did not give any reason at all and did not even acknowledge in his decision that she had requested a supplemental hearing.

For the above reasons, the Court concludes that the ALJ's decision was not supported by substantial evidence and was the product of legal errors. This case must be remanded for further proceedings.

If, on remand, the ALJ determines that plaintiff was without fault in causing the overpayment, he must then consider whether recovery of the overpayment would either defeat the purposes of Title II of the Social Security Act or otherwise be against equity and good conscience. 20 C.F.R. § 404.506. This requires consideration of plaintiff's necessary living expenses and her income and financial resources. 20 C.F.R. § 404.508; *Banuelos v. Apfel*, 165 F.3d 1166, 1169 (7th Cir. 1999), overruled on other grounds in *Johnson v. Apfel*, 189 F.3d 561 (7th Cir. 1999).

The evidence is incomplete as to Ms. Menard's necessary living expenses and her financial resources. It was suggested at the first hearing that she would be required to enter an

assisted living facility in the near future, but no detailed evidence of when that would occur or the costs involved was entered in to the record. Counsel's letter requesting a supplemental hearing states that he was gathering evidence regarding Ms. Menard's health. (Tr. 127). Obviously, a move to an assisted living facility would have a significant effect on plaintiff's necessary living expenses.

## Conclusion

The Commissioner's final decision finding plaintiff at fault and denying waiver of repayment is **REVERSED** and **REMANDED** to the Commissioner for rehearing and reconsideration of the evidence, pursuant to sentence four of 42 U.S.C. §405(g).

The Clerk of Court is **DIRECTED** to enter judgment in favor of plaintiff.

**IT IS SO ORDERED.**

**DATE:** 9/8/2015

*s/J. Phil Gilbert*
**J. PHIL GILBERT**
**DISTRICT JUDGE**